UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANITA HOUCHENS, ET AL.                                                                          PLAINTIFFS

v.                                                                      NO. 3:13-CV-00214-CRS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY                                                  DEFENDANT

## MEMORANDUM OPINION

This case is before the Court on a motion to remand filed by the Plaintiffs, Anita Houchens ("Houchens") and Jordan Sanders ("Sanders") (collectively "Plaintiffs"), against the Defendant, Government Employees Insurance Company ("GEICO") (DN 8). For the reasons set forth below, the Court will grant the motion to remand.

## BACKGROUND

The following facts are undisputed. On July 28, 2011, Plaintiffs Houchens and Sanders were injured in a motor vehicle accident. Shortly after the accident, Plaintiffs received medical treatment for back injuries at Dixie Chiropractic Office ("Dixie"). Because Plaintiffs were both insured by GEICO, Dixie forwarded Plaintiffs' medical bills to GEICO so that it could consider their claim for no-fault reparation benefits under Kentucky's Motor Vehicle Reparations Act ("MVRA"). After conducting an Independent Medical Review ("IMR") of the reasonableness and necessity of the medical treatment provided by Dixie, GEICO refused to pay Dixie for approximately half of Plaintiffs' total medical expenses.

On January 14, 2013, Plaintiffs filed suit against GEICO in Jefferson County Circuit Court, seeking certification of a class action. In their Complaint, Plaintiffs assert that GEICO

illegally denied their claims for reparation benefits based solely on the results of an IMR. According to Plaintiffs, the MVRA does not permit insurers to deny reparation benefits solely on the basis of an IMR, but instead requires that they petition the court for an Independent Medical Examination ("IME") pursuant to KY. REV. STAT. § 304.39-270. As relief, Plaintiffs have requested: 1) an injunction and accompanying declaration requiring GEICO to conduct an IME when contesting a claim for reparation benefits; 2) compensatory damages for GEICO's denial of Plaintiffs' claims for reparation benefits; and 3) an award of statutory attorney's fees under KY. REV. STAT. § 304.39-220(1).

On March 10, 2013, GEICO removed the case to this Court on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"). On April 4, 2013, Plaintiffs moved to remand the action to Jefferson County Circuit Court, claiming that GEICO had failed to satisfy CAFA's amount-in-controversy requirement. Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address Plaintiffs' Motion to Remand.

**STANDARD**

Under CAFA, federal district courts have original jurisdiction over any class action in which 1) any plaintiff is a citizen of a state different from any defendant; 2) the proposed plaintiff class (or classes) contain(s) at least 100 members in the aggregate; and 3) the amount in controversy exceeds five million dollars. 28 U.S.C. § 1332(d)(2); *id.* § 1332(d)(5)(B). As the party invoking federal jurisdiction, the defendant bears the burden of establishing these jurisdictional prerequisites by a preponderance of the evidence. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404–05 (6th Cir. 2007) (quoting *Brown v. Jackson Hewitt, Inc.*, No. 1:06-cv-2632, 2007 WL 642011, at *2 (N.D. Ohio Feb. 27, 2007)).

When the plaintiff's complaint does not specify the amount of damages sought to be recovered, the burden rests with the defendant to produce other evidence establishing that the amount-in-controversy requirement has been satisfied. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (holding that where plaintiff's complaint seeks recovery of an unspecified amount of damages, the burden is on defendant to prove the threshold jurisdictional amount by a preponderance of the evidence). However, this burden is "a moderate burden that… does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994) (citing *Gafford*, 997 F.2d at 159). Rather, the defense is entitled to rely on a "fair reading" of the allegations set forth in the complaint, *see Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001), meaning that the amount in controversy may be established by drawing reasonable inferences based on the nature and extent of the damages requested in the complaint. *See Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13–CV–00046–TBR, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013) (evaluating the amount in controversy by looking to the nature and extent of the compensatory and punitive damages requested by plaintiffs); *Shupe v. Asplundh Corp.*, No. 5:12–CV–286–KKC, 2013 WL 647504, at *2 (E.D. Ky. Feb. 21, 2013) (same); *J.T. Carneal v. Travelers Cas. Ins. of America*, No. 5:12–CV–00174, 2013 WL 85148, at *2 (W.D. Ky. Jan. 7, 2013) (same).

## DISCUSSION

Plaintiffs do not dispute that their proposed class includes greater than one hundred persons and that minimal diversity exists among the parties. Thus, Plaintiffs' only argument in support of remand is that GEICO has failed to satisfy its burden of establishing that the amount

in controversy more likely than not exceeds five million dollars. For the reasons set forth below, the Court agrees with Plaintiffs and will therefore grant their Motion to Remand.

Because Plaintiffs' Complaint does not specify the amount of damages they seek to recover,[1] GEICO bears the burden of establishing that the amount in controversy more likely than not exceeds five million dollars. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (holding that where plaintiff's complaint seeks recovery of an unspecified amount of damages, the burden is on defendant to prove the threshold jurisdictional amount by a preponderance of the evidence). GEICO argues that the amount in controversy exceeds five million dollars because: 1) Plaintiffs have requested injunctive and declaratory relief requiring GEICO to conduct expensive IMEs in lieu of the comparatively cheaper IMRs when contesting claims for reparation benefits; 2) Plaintiffs have requested compensatory damages for GEICO's past denial of Plaintiffs' claims for reparation benefits; and 3) Plaintiffs have requested statutory attorney's fees under the MVRA. After calculating the amount in controversy with respect to each of these claims, the Court concludes that GEICO has failed to satisfy its burden of establishing that the amount in controversy will exceed five million dollars.

**i.     Injunctive and Declaratory Relief**

With respect to Plaintiffs' injunctive and declaratory relief, the Court must assess the amount in controversy by looking to "the value of the object of the litigation." *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). GEICO argues that, when viewed from its perspective, the value of the object of the litigation equals the costs that it would incur in

---

[1] This is because the Kentucky Rules of Civil Procedure provide that "In any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages…" Ky. R. Civ. P. 8.01(2); *Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777 (W.D. Ky. 2002) (stating that Kentucky "has enacted a law that prohibits the plaintiff from making a specific monetary demand, over and above the state's minimal amount in controversy.").

complying with Plaintiffs' injunctive and declaratory relief. Although the Sixth Circuit has not yet decided whether the value of the object of the litigation should be "view[ed]… from the perspective of the plaintiff or the defendant," *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009) (citing *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006)), the court stated in *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007), that "[i]t is generally agreed… that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect," *Smith*, 505 F.3d at 405 (quoting *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro*, 129 Fed.Appx. 194, 196 (6th Cir. 2005)). Thus, despite the uncertainty expressed in cases like *Northup Properties*, the Court will follow the language of *Smith* and determine the amount in controversy from the perspective of the Plaintiffs. *See Glass v. Steinberg*, No. 3:09-CV-355-H, 2010 WL 6592935, at *1 (W.D. Ky. Jan. 15, 2010).

From Plaintiffs' perspective, the object of the litigation is the amount of reparation benefits that they claim GEICO illegally denied them. For Plaintiff Sanders, that amount is $3,680.00; for Plaintiff Houchens, it is $4,710.00. Although the amount of reparation benefits sought by the remaining Plaintiffs undoubtedly varies from plaintiff to plaintiff, the Court will assume for the purposes of determining the amount in controversy that each plaintiff could recover the full $10,000 of reparation benefits available under the MVRA. Because the parties agree that Plaintiffs' proposed class consists of approximately 195 total members,[2] *see* (Reply,

---

[2] This is true notwithstanding GEICO's statement in its Response that "[a]s defined by Plaintiffs, the putative class includes not only claimants who are allegedly entitled to monies for previously denied PIP benefits, but also past and current GEICO policyholders who purportedly stand to benefit from the requested injunctive and declaratory relief." (Response, DN 10, at 4). Although GEICO thus appears to believe that Plaintiffs' class includes more than the 195 people that they admit have been denied reparation benefits within the last four years, this belief stems from a misunderstanding of how Plaintiffs have defined their proposed class. In their Complaint, Plaintiffs clearly indicate that their proposed class consists exclusively of persons who have been denied reparation benefits by GEICO on the basis of an IMR within the past four years. *See* (First Am. Compl., DN 1-1, at ¶ 1) ("This is a class action … to recover damages suffered by the named Plaintiffs and other class members as a result of being GEICO… insureds

DN 13, at 3), the claims of the remaining Plaintiffs raise the amount in controversy by $1,930,000.00. Combined with the amount in controversy with respect to the claims of Plaintiffs Houchens and Sanders, this totals $1,938,390.00.

**ii. Compensatory Damages**

GEICO seeks to aggregate this figure with the amount in controversy relative to Plaintiffs' claims for compensatory damages. However, because the value of Plaintiffs' injunctive and declaratory relief lies exclusively in the amount of reparation benefits that they claim GEICO illegally denied them, the amount in controversy relative to Plaintiffs' injunctive and declaratory relief effectively subsumes any amount in controversy that might be credited to Plaintiffs' claims for compensatory damages. In other words, GEICO cannot twice count the amount of reparation benefits sought by Plaintiffs in calculating the amount in controversy. Therefore, the Court will not include any additional amount other than the $1,938,390.00 already included in calculating the amount in controversy with respect to Plaintiffs' injunctive and declaratory relief.[3]

**iii.    Statutory Attorney's Fees**

That leaves Plaintiffs' claims for attorney's fees as the only remaining possibility of exceeding the five-million-dollar threshold. According to GEICO, the amount in controversy

---

from January 15, 2009[,] to present *who were denied no-fault benefits on the basis of a report generated by a medical provider hired by Defendant GEICO…*") (emphasis added). Thus, Plaintiffs' proposed class does not include all "past and current GEICO policyholders who purportedly stand to benefit from the requested injunctive and declaratory relief," but only those GEICO insureds who have been denied reparation benefits from January 15, 2009, to the time that this action was filed. In its Notice of Removal, GEICO states that it "has identified approximately 195 claims within this period which may have involved an IMR." (Notice of Removal, DN 1, at ¶ 34). Thus, despite its mistake regarding the correct definition of Plaintiffs' proposed class, GEICO has clearly admitted that the class consists of, at the most, 195 insureds. Therefore, in calculating the amount in controversy, the Court will assume that Plaintiffs' proposed class includes 195 individuals.

[3] GEICO argues the any actual damages recoverable by Plaintiffs must be trebled because Plaintiffs have requested treble damages under the Kentucky Consumer Protection Act ("KCPA"). *See* (Response, DN 10, at 16–18). Although Plaintiffs have indeed requested treble damages, *see* (First Am. Compl., DN 1-1, at ¶ 75), neither the MVRA nor the KCPA provide for treble damages. *See* KY. REV. STAT. §§ 304.39-020(2), 304.39-020(5), 304.39-030, 367.220(1). Thus, the Court will not consider the possibility of treble damages in calculating the amount in controversy.

-6-

relative to Plaintiffs' claim for attorney's fees should be valued somewhere between 30%–50% of the total amount of compensatory damages recoverable by Plaintiffs. Ultimately, the Court need not decide what percentage of attorney's fees is the most appropriate for the purpose of calculating the amount in controversy because, even if Plaintiffs were awarded 50% in attorney's fees, the amount in controversy would still not exceed five million dollars, but would total only $2,907,585.00.

## CONCLUSION

For these reasons, GEICO has failed to satisfy its burden of establishing that the amount in controversy will more likely than not exceed five million dollars. Therefore, this Court lacks diversity jurisdiction under CAFA and Plaintiffs' Motion to Remand must therefore be granted.

A separate order will be entered in accordance with this opinion.

October 21, 2013

                                            Charles R. Simpson III, Senior Judge
                                            United States District Court

cc: Counsel of Record